

# The Attorney General of Texas

May 17, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Dan M. Boulware
Johnson County Attorney
P. O. Box 614
Cleburne, Texas    76031

Opinion No. MW-470

Re:  Fees to be charged by
sheriff for serving out-of-
county delinquent tax suit
citations before and after
January 1, 1982

Dear Mr. Boulware:

Your first question is whether the sheriff of your county is authorized to charge and collect the fee set by your commissioners court under authority of article 3926a, V.T.C.S., for service of out-of-county citations in delinquent tax suits filed before January 1, 1982.

Your second question relates to the effect of sections 33.48 and 33.49 of the Property Tax Code and article 2041b, V.T.C.S., on the collection of fees for service of process in delinquent tax suits.

We will address these questions separately in their proper order as follows.

Article 3926a, V.T.C.S., in substance, authorizes the commissioners court of each county to set reasonable fees to be charged for services by the offices of sheriffs and constables, at a rate no higher than necessary to pay the expense of providing same. The Sixty-seventh Legislature provided, in connection with the foregoing provisions, that fees provided for sheriffs and constables in other laws in conflict with such provisions were repealed to the extent of such conflict; that until a commissioners court provided different fees, the fees of such officers are those provided by law in effect on August 31, 1981; and that fees for such services performed before the effective date of this act are governed by the law in effect at the time the services were performed. Acts 1981, 67th Leg., ch. 379, at 1001. This act became effective September 1, 1981. The services involved here include those rendered by such officers in tax cases.

Assuming the fees set by the Johnson County Commissioners Court in this respect are reasonable and no higher than necessary to pay the

p. 1642

expenses of providing such services, your sheriff is entitled to charge and collect such fees as set by said court for services rendered on September 1, 1981, and thereafter, regardless of prior article 7332, V.T.C.S., providing a smaller fee for such services. These express fee provisions of said article 7332 conflict with the later local option fee provisions of article 3926a, when adopted for a county, and were to that extent repealed on September 1, 1981. The words of the 1981 act make it clear that the fees charged "are governed by the law in effect at the time the services were performed." In 1979 the legislature expressly repealed article 7332, effective January 1, 1982, with the exception that the $2.50 fees provided for the services of sheriffs and constables in delinquent tax suits would prevail in counties where the commissioners courts had not prescribed different fees under article 3926a. Acts 1979, 66th Leg., ch. 841, §6, at 2329. The statute enacting article 3926a, V.T.C.S., provided in section 3(b) that until a commissioners court prescribed different fees pursuant to article 3926a, the fees charged by a sheriff would be those provided by the law in effect on August 31, 1981. Acts 1981, 67th Leg., ch. 379, at 1001.

Proceeding to your second question, section 33.48 of the Property Tax Code authorizes the recovery of court costs and expenses in a suit to collect a delinquent tax, and section 33.49 of the code provides non-liability of a taxing unit for court costs and exemption from posting security for costs in such suits. However, it requires the payment from the taxing units general fund, costs of publishing citations, notices of sale, or other notices as soon as practicable after receipt of the publisher's claim for payment. Clearly, these publication expenses are recoverable under authority of said section 33.48.

Article 2041b, V.T.C.S., became effective September 1, 1981, and provides for the collection by the official serving any legal process by mail, payment in advance for the actual cost of the postage, or the assessment of such postage expense as costs of suit. This article expressly includes delinquent tax suits within its terms.

Considering the general sense of all of the above legislative provisions, it is the opinion of this office that in suits to collect delinquent taxes, the taxing units cannot be required to pay costs in advance or give security therefor, and such units are not liable for costs in such suits except for publishing fees. The postage expense of all process served by mail in such cases is assessable as costs and not collectible from the taxing unit, in advance or otherwise. All of the above-mentioned costs, fees and expenses are to be assessed and collected as court costs.

## S U M M A R Y

Fees for the service of out-of-county citations on or after September 1, 1981, in delinquent tax suits, are the fees set by the commissioners court of the county in which service is performed by the sheriff or constable thereof.    In the event the commissioners court has not prescribed such fees, the fees are those provided by the law in effect on August 31, 1981.    The date the service is performed, not the date of filing suit, is the criterion for determination of the law involved. In suits to collect delinquent taxes, taxing units cannot be required to pay court costs or suit expenses in advance or give security therefor. Such units are not liable for postage expense for service of process, or any other cost or expense of suit except the cost of fees for publishing citations, notices of sale or other notices.    All of such costs, fees or expenses are assessable as costs of court.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Robert L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Robert L. Lattimore
Jim Moellinger